**NORTON COMPANY, Plaintiff,**

v.

**MET–PRO CORPORATION, Defendant.**

**No. Civ.A. 98–40204–NMG.**

United States District Court, D. Massachusetts.

Nov. 15, 2000.

Robert L. Hamer, Robert B. Gibbons, Mirick, O'Connell, DeMallie & Lougee, Madonna E. Cournoyer, Mirick, O'Connell, DeMallie, Worcester, MA, for plaintiff.

Lawrence Delaney, Lisa D. Tingue, Mountain, Dearborn & Whiting, Worcester, MA, for defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

Norton Company ("Norton") filed the instant lawsuit against Met–Pro Corporation ("Met–Pro") in Worcester Superior Court alleging (1) breach of express warranty, (2) breach of implied warranty of fitness for intended purposes, (3) negligence and (4) violation of M.G.L. c. 93A after a catalytic oxidizer modified by Met–Pro for one of Norton's kilns allegedly failed. On October 7, 1998, Met–Pro removed the case to this Court, on diversity grounds. Pending before this Court is Norton's motion for partial summary judgement with respect to its claim for breach of express warranty (Docket No. 17), which is opposed by Met–Pro.

The role of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). The burden is upon the moving party to show, based upon the pleadings, discovery on file and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court must view the record in the light most hospitable to the non-moving party and indulge all reasonable inferences in his favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

In this case, Met–Pro has raised genuine issues of material fact that must be resolved by a jury. *See* Fed.R.Civ.P. 56(c). Met–Pro has introduced evidence that Norton (1) failed to provide certain test results to Met–Pro during negotiations between the parties, (2) misled Met–Pro into believing that effluents from its manufacturing process were benign phenols, (3) withheld information about the history of emissions at the Norton plant, and (4) recognized and considered the risks inherent in modifying, rather than replacing the oxidizer in the kiln.

Viewing the evidence in the light most favorable to Met–Pro, a reasonable jury could find that (1) no express warranty arose between the parties, (2) Norton did not rely on any express warranty that may have arisen, and (3) Norton has failed to show that Met–Pro's modifications caused the oxidizer to fail. *See Gilbert & Bennett Manufacturing Co. v. Westinghouse Electric Corp.*, 445 F.Supp. at 537, 546–47 (D.Mass.1977) (holding that letter stating that seller's equipment would handle buyer's pollution problem was not a warranty when salesperson was not told of chemical composition of effluent). Partial summary judgment for Norton is therefore inappropriate based upon evidence in the record.

*See Matsushita Electric Indus. Co.,* 475 U.S. at 586–87, 106 S.Ct. 1348.

## ORDER

For the foregoing reasons, Norton's Motion for Partial Summary Judgment (Docket No. 17) is DENIED.

So ordered.